IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

TRUNELL SADLER,                         )
                                        )
    Plaintiff,                          )
                                        )
v.                                      )   Case No. CIV-15-144-F
                                        )
CAROLYN W. COLVIN, Acting               )
Commissioner of the Social Security     )
Administration,                         )
                                        )
    Defendant.                          )

## REPORT AND RECOMMENDATION

Plaintiff, Trunell Sadler, seeks judicial review of the Social Security Administration's denial of her applications for disability insurance benefits (DIB) and supplemental security income benefits (SSI). United States District Judge Stephen P. Friot has referred this matter for proposed findings and recommendations. *See* 28 U.S.C. § 636(b)(1)(B) and (C). For the reasons set forth below, it is recommended that the Commissioner's decision be reversed and remanded for further proceedings consistent with this Report and Recommendation.

**I.      Procedural Background**

Plaintiff filed her applications for DIB and SSI on July 19, 2011, alleging a disability onset date of May 1, 2008.[1] The Social Security Administration denied the applications initially and on reconsideration. Following a hearing, an Administrative Law Judge (ALJ) issued an unfavorable decision. *See* Administrative Record (AR) [Doc. No. 8], 12-22. The Appeals Council denied Plaintiff's request for review. AR 1-5. This appeal followed.

---

[1] At the administrative hearing, Plaintiff amended her alleged onset date to November 1, 2010. AR 32. The ALJ's unfavorable decision, however, reflects that the ALJ considered the onset date to be May 1, 2008. AR 12.

## II. The ALJ's Decision

The ALJ followed the sequential evaluation process required by agency regulations. *See Fischer-Ross v. Barnhart*, 431 F.3d 729, 731 (10th Cir. 2005) (explaining five-step sequential evaluations process); *see also* 20 C.F.R. §§404.1520, 416.920. The ALJ first determined that Plaintiff had not engaged in substantial gainful activity since the alleged onset date. AR 14. At step two, the ALJ determined that Plaintiff has the following severe impairments: diabetes type I, anemia, right eye decreased vision (20/200 uncorrected), Graves' disease resulting in hyperthyroidism[2] and hyperlipidemia. *Id.* At step three, the ALJ found that none of Plaintiff's impairments meets or medically equals any of the presumptively disabling impairments listed at 20 C.F.R. Part 404, Subpart P, Appendix 1. AR 15-16.

The ALJ next determined Plaintiff's residual functional capacity (RFC):

> After careful consideration of the entire record, the Administrative Law Judge finds that the claimant has the residual functional capacity to perform a wide range of light work as defined in 20 CFR 404.1567(b) and 416.967(b).

AR. 16. At step four, the ALJ concluded that Plaintiff could perform her past relevant work as Hospital Clerk, Receptionist Office Clerk, Retail Cashier, and Utility Customer Service Representative. AR 20. In an alternative step-five finding, the ALJ relied on the testimony of a vocational expert (VE), and found there are additional jobs existing in significant numbers in the national economy, other than those comprising her past relevant work, that Plaintiff can perform including Housekeeping, Self-Service Store Attendant, and Fast Food Worker. AR 21. Thus, the ALJ found at both steps four and five that Plaintiff is not disabled for purposes of the Social Security Act. AR 21.

---

[2] The administrative record indicates Plaintiff underwent radioactive iodine ablation of the thyroid gland, resulting in hypothyroidism treated with thyroid replacement therapy. AR 17.

### III. Plaintiff's Claims

Plaintiff contends the ALJ erred in failing to properly consider all the evidence in formulating Plaintiff's RFC and in failing to properly analyze her credibility.

### IV. Standard of Review

Judicial review of the Commissioner's final decision is limited to determining whether the factual findings are supported by substantial evidence in the record as a whole and whether the correct legal standards were applied. *See Poppa v. Astrue*, 569 F.3d 1167, 1169 (10th Cir. 2009). "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003) (quotation omitted). A decision is not based on substantial evidence if other evidence in the record overwhelms the evidence upon which the ALJ relied, or if there is a mere scintilla of evidence supporting the decision. *Branum v. Barnhart*, 385 F.3d 1268, 1270 (10th Cir. 2004). The court "meticulously examine[s] the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Wall v. Astrue*, 561 F.3d 1048, 1052 (10th Cir. 2009) (citations omitted). While the court considers whether the ALJ followed the applicable rules of law in weighing particular types of evidence in disability cases, the court does not reweigh the evidence or substitute its own judgment for that of the Commissioner. *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (quotations and citations omitted).

### V. Analysis

According to Plaintiff, the ALJ's failure to properly consider all medical opinions of record resulted in an RFC determination unsupported by substantial evidence. The undersigned agrees.

An ALJ must evaluate every medical opinion in the record[.] *Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) (citation omitted). An "ALJ is required to give controlling weight to the opinion of a treating physician as long as the opinion is supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence in the record." *Id.* (citation omitted). "If an ALJ intends to rely on a nontreating physician or examiner's opinion, he must explain the weight he is giving to it." *Id.* (citation omitted). Some factors an ALJ may consider include:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the AL''s attention which tend to support or contradict the opinion.

*Drapeau v. Massanari*, 255 F.3d 1211, 1213 (10th Cir. 2001) (citation omitted).

Plaintiff contends the ALJ failed to properly evaluate the opinion of J. Kevin Lee, M.D., who examined Plaintiff one time on July 17, 2008, to determine whether she was medically able to return to work. AR 291. At the time, Plaintiff was training for a customer service representative job with ONG. On the day of her appointment, Plaintiff was confused and unable to fill out a record release form and simple intake questionnaire. When Dr. Lee could no longer understand Plaintiff's speech, he sent her and a friend, who had accompanied Plaintiff to the appointment, to have lunch. When Plaintiff returned after eating, she was alert and responsive. Dr. Lee stated that Plaintiff had been having trouble with episodes of hypoglycemia related to the treatment of her type I diabetes. He noted that Plaintiff had had at least four such episodes during the previous four weeks, one of which had required help from EMS. Although Dr. Lee

was "very impressed" with Plaintiff's motivation and her ability to communicate once the hypoglycemic incident was resolved, he nevertheless stated she would not be able to perform the duties of customer service representative or any other job requiring safety-sensitive duties or a high level of consistency and attention to task.[3] AR 291.

On September 22, 2008, Dr. Lee wrote a letter addressed to "Whom it May Concern," diagnosing Plaintiff with "very brittle type I diabetes" which causes her to have episodes of severe hypoglycemia during which she cannot understand normal day to day conversation, maintain attention to task or concentration, exercise sound judgment or interact in a normal social fashion. AR 290. Dr. Lee also found Plaintiff unable to perform any physical task or safety-sensitive duties during such episodes. *Id.* According to Dr. Lee, Plaintiff's blood sugar levels are not medically controlled because the amount of medication needed to regulate her high blood sugar levels ultimately results in dangerously low, incapacitating hypoglycemic episodes. *Id.* Dr. Lee then stated his "carefully considered opinion" that Plaintiff could be considered "completely medically disabled for Social Security purposes." *Id.*

The ALJ purportedly gave Dr. Lee's opinion "some weight." AR 16. It is apparent from the ALJ's RFC formulation, however, that the ALJ essentially rejected Dr. Lee's opinion, solely because "determination of whether the claimant is or is not disabled is reserved to the Commissioner." AR 16. The ALJ's statement regarding the party responsible for the ultimate determination of disability is correct. But here, the ALJ rejected Dr. Lee's entire opinion, including the portions regarding Plaintiff's functional limitations, without explaining why or considering any of the relevant factors. The ALJ's statement that "the conclusions and

---

[3] The undersigned notes that the ALJ determined at step four of the sequential evaluation process that Plaintiff could perform the duties of utility customer service representative. AR 20. This conclusion is, of course, directly contradicted by Dr. Lee's opinion. The ALJ did not attempt to reconcile his step-four findings with Dr. Lee's adverse opinion.

statements of state agency medical consultants are given greater weight than other medical sources except as otherwise herein stated" is not sufficient because it does not explain the bases for the weight given to any of the medical opinions, including that of Dr. Lee.

Moreover, Dr. Lee's opinion is consistent with Plaintiff's testimony that she is unable to gauge her blood sugar levels and that she experiences episodes of confusion several times a week. AR 34, 40. Dr. Lee's opinion is supported by the statement of Plaintiff's treating physician regarding the frequency of hypoglycemic episodes, AR 958, and with the medical records in general, which demonstrate numerous episodes of high or low blood sugars, some severe enough to require emergency medical attention. AR 275-276; 291; 451-455; 628; 889-954.

The report of consultative examiner S. A. Chaudry, M.D., states that claimant's first visit to him was cut short because Plaintiff had yet another hypoglycemic event. Dr. Chaudry sent Plaintiff home with family members and rescheduled the examination. AR 628. The ALJ did not address this hypoglycemic event in his decision.

Another consultative examiner, Stephanie C. Crall, Ph.D., noted that Plaintiff was extremely lethargic, perspired heavily and frequently fell asleep during the examination. AR 634. Another state agency medical consultant, Phillip Massad, Ph.D., found Plaintiff had mental limitations that would prevent her from performing complex tasks and would limit her ability to work with the general public. AR 654. But the ALJ's RFC is devoid of any mental limitations. AR 16.

The ALJ's failure to properly consider all the medical opinions of record undermines his RFC determination. Specifically, the ALJ's RFC determination is not supported by substantial

evidence in the record. It is therefore recommended that the Commissioner's decision be reversed and remanded.

Because "the remaining issue[] … may be affected by the ALJ's treatment of this case on remand," the court need not address the issue regarding the ALJ's credibility analysis at this point in the proceedings. *Watkins v. Barnhart*, 350 F.3d 1297, 1299 (10th Cir. 2003). The Commissioner will necessarily revisit the issue of Plaintiff's credibility and will have the opportunity to use the proper legal framework applicable to credibility determinations.

## **RECOMMENDATION**

In sum, the ALJ's failure to properly consider all the medical evidence in the record resulted in an RFC unsupported by substantial evidence. On remand, the Commissioner should consider all medical evidence and opinions using the factors suggested in the regulations. Because the Commissioner will necessarily reconsider Plaintiff's credibility, this Court need not consider the ALJ's credibility analysis.

It is therefore recommended that the Commissioner's final decision be reversed and remanded for further consideration consistent with this Report and Recommendation.

## **NOTICE OF RIGHT TO OBJECT**

The parties are advised of their right to object to this Report and Recommendation. *See* 28 U.S.C. § 636. Any objection must be filed with the Clerk of the District Court by the 12th day of January, 2016. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(2). Failure to make timely objection to this Report and Recommendation waives the right to appellate review of the factual and legal issues addressed herein. *Moore v. United States*, 950 F.2d 656 (10th Cir. 1991).

## **STATUS OF REFERRAL**

This Report and Recommendation terminates the referral by the District Judge in this matter.

ENTERED this 29th day of December, 2015.

_____
BERNARD M. JONES
UNITED STATES MAGISTRATE JUDGE